## LIABILITY FOR COST OF ELECTION BOOTHS.

Circuit Court of Lucas County.

HENRY CONRAD v. DAVID T. DAVIES, JR., AUDITOR OF LUCAS COUNTY.

Decided, October 5, 1907.

*Election Booths—Where Constructed for Municipal Use Must Be Paid for by Municipality—Submission of Question which Might Become the Subject of a Civil Action—Sections. 2966-27 and 5207, Revised Statutes.*

A county is not liable for the cost of election booths constructed for use within a municipality located in that county.

*C. S. Northup* and *C. H. Masters,* for plaintiff.
*L. W. Wachenheimer,* Prosecuting Attorney, and *Ben. W. Johnson,* Assistant Prosecuting Attorney, contra.

WILDMAN, J.; HAYNES, J., and PARKER, J., concur.

This is a proceeding brought under Section 5207 of the Revised Statutes, as to the submission of a controversy to a court without pleadings and upon an agreed statement of facts. The section reads:

"Parties to a question which might be the subject of a civil action may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action were brought; but it must appear by affidavit that the controversy is real, and the proceedings in good faith, to determine the rights of the parties; and the court shall, thereupon, hear and determine the case, and render judgment, as if an action were pending."

The preliminary proceedings under this section have been followed and the court is satisfied that the submission is in good faith and by parties between whom a controversy has arisen which might be the subject of a civil action. The situation is, briefly, this: This plaintiff, Conrad, is a contractor who entered

into an arrangement with the board of deputy state supervisors
and inspectors of elections for the city of Toledo, Lucas county.
Ohio, to build certain election booths for an aggregate price, as
shown by the agreed statement, of $7,245. He has so far carried
out the arrangement as to have constructed booths amounting
under the agreed price to $6,800, and has received his pay for a
part of this amount—$3,000—leaving still his due $3,800. The
board of supervisors and inspectors, on or about September 3d,
1907, approved this claim, finding that there was then due and
payable to him upon the contract said sum of $3,800, and they
directed the defendant, the county auditor, Davies, to issue an
order upon the treasurer of said Lucas county to pay the sum out
of the moneys of said county in his custody, under his control as
such treasurer. The claim was then presented to the auditor
with the demand that he issue his warrant upon the treasurer
for the amount, and this the auditor refused and still refuses
to do. The agreed statement shows that the city of Toledo, lo-
cated in said county, at the last federal census, had a population
of more than 11,800; which allegation is material as to certain
sections of the statutes supposed to be applicable to the present
claims. The plaintiff asserts and the defendant denies that by
reason of the facts agreed upon, the plaintiff would be entitled
in an action in mandamus, if one were in this court, properly
commenced and prosecuted, to have a peremptory writ issued in
his favor commanding the defendant to issue his warrant upon
the treasurer as aforesaid. Both parties pray the court to hear
and determine the case and render judgment as if an action in
mandamus upon the relation of plaintiff as relator, against de-
fendant as defendant, were heard and now pending upon said
controversy.

The sections of the Revised Statutes which have direct or in-
direct bearing upon the question submitted to the court here, are
2966-27; 2926t and 2926d. There are some other sections which
should be read in connection with these, perhaps, but they are
so closely associated with them in the statutes that I will not stop
to make more specific reference to them; nor do I care to make
any detailed analysis of these three sections. We are disposed
to adopt the view contended for by the assistant prosecuting at-

torney, representing the defendant, of Section 2966-27, enacted thirteen years ago, as being practically, by virtue of later legislation, although not specifically, repealed. It is, we think, repealed, or at least modified, by implication, by virtue of the repealing clause in 97 O. L., page 241, applicable to acts and parts of acts inconsistent with this later legislation. The contention of the contractor, through his attorneys, is, that Lucas county is liable under the existing statutes for the costs of these election booths constructed for use within the city of Toledo. The language of the sections to which I have referred is somewhat ambiguous and difficult of construction. A literal and technical interpretation of their phraseology may justify the claims of the relator. We are not, however, disposed to adopt such construction, or any construction which would result in throwing the burden of the costs of constructing election booths to be used entirely within the municipality of Toledo, upon the county of Lucas and requiring payment therefor from the county treasury while the expenses incident to the taking of the votes in township precincts or in the precincts in non-registration towns is borne entirely by the taxpayers outside of the city of Toledo; we think that the construction of the statutes contended for by the assistant prosecuting attorney, while it may not meet the technical phraseology of these sections, is such as must have been contemplated by the Legislature in the enactments. The courts should not adopt a construction of the statutes which will be an unreasonable construction, and one which can not be presumed to have entered into the minds of the Legislature in their enactment. And this view as to our duty in the rule of construction, is the governing principle with us in the present case. I might tarry to discuss the precise meaning of words and phrases used by the Legislature in the sections to which I have made reference, but it would not be profitable and it suffices that it is the judgment of the court that the contention of the plaintiff here—Conrad— should not prevail; that the county of Lucas is not liable for the cost of these booths, and the writ prayed for is refused; and the petition dismissed. The costs will be upon the plaintiff.